■ JOSEPH P. MENALDINO, as Commissioner of the Warren County Department of Social Services, Respondent, v JEFFREY SHATTUCK, Appellant. [612 NYS2d 966] —Casey, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered December 1, 1992 in Warren County, which, *inter alia,* granted plaintiff's motion for a default judgment, (2) from an amended order of said court, entered December 22, 1992 in Warren County, and (3) from the judgment entered thereon.

Plaintiff commenced this action pursuant to Social Services Law § 104 to recover $3,296.32 in public assistance provided by plaintiff to defendant's spouse and stepchild. This action was commenced after defendant had obtained a settlement in his favor in a personal injury action, and after a portion of the proceeds of the settlement had been deposited by defendant's attorney in the personal injury action with plaintiff pending resolution of plaintiff's claim for reimbursement. Defendant defaulted and, when plaintiff moved for a default judgment, Supreme Court treated defendant's opposition to the motion as a cross motion to vacate the default. Supreme Court denied defendant's cross motion, concluding that although defendant might have a reasonable excuse for the default, he failed to demonstrate a meritorious defense. We agree.

The only defense alleged by defendant in support of his cross motion was that he is not liable for the support and care of his stepchild, which is meritless (Social Services Law § 101 [1]). On appeal, defendant asserts a different defense: that the lien provisions of Social Services Law § 104-b are applicable only to recipients of public assistance and he is not a recipient. Having failed to raise the issue before Supreme Court, defendant cannot raise it on appeal *(see, Mardjokic v Griffin,* 186 AD2d 431). In any event, plaintiff did not invoke the remedy created by Social Services Law § 104-b but instead commenced this action pursuant to Social Services Law § 104.

Cardona, P. J., Crew III, Weiss and Peters, JJ., concur. Ordered that the order, amended order and judgment are affirmed, with costs.